## CHARLES E. MILLS'S APPEAL FROM PROBATE.

The heirs at law of a testatrix contested her will on the ground that she was of unsound mind and unduly influenced. The party claiming under the will offered in evidence, for the purpose of showing on the part of the testatrix an actual dislike of the heirs at law and a determination to give them nothing, certain declarations made by her to that effect, among which were several as to the lewd character of the wife of one of them. Held that, for the purpose of showing that she was under a mental delusion, evidence was admissible that the character of the woman in question was perfectly good.

And held that the fact that counsel for the heirs at law, at the close of the trial before the jury, abandoned the claim that the testatrix was of unsound mind, was not a sufficient reason for refusing to grant a new trial for the error of the court in excluding evidence previously offered by them to prove such unsoundness.

The heirs at law were allowed to prove certain declarations of the testatrix to the effect that the father of the party claiming under the will had induced her to come to his house to reside and had prevented her from returning by threats. Held that evidence was admissible on the part of the party claiming under the will, that these statements were not true.

APPEAL from the decree of a court of probate rejecting the will of one Mary Morse; brought to the Superior Court in Windham County, and tried to the jury before *Foster, J.* Verdict for the appellant, sustaining the will, and a motion for a new trial by the appellees, for error in the rulings of the court. The case is sufficiently stated in the opinion.

*J. J. Penrose,* in support of the motion.

*T. E. Graves* and *C. E. Searls,* contra.

CARPENTER, J.  The appellant sought to establish a document purporting to be a will, as the last will and testament of Mary Morse, deceased.  The appellees resisted it on the ground that the deceased had not the mental capacity to make a will, and on the further ground that it was made under the effect of undue influence.

The appellant, to whom all the property was given by the supposed will, is a nephew of the deceased, and the appellees are her brothers and heirs at law.

On the trial, for the purpose of showing an alienated state of feeling between the deceased and her brothers, growing out of questions respecting her share in their father's estate, the appellant offered in evidence divers declarations of the deceased, made at different times, as to several or all of them, expressing her dislike, and her intention that they should not have any of her property.  Connected with testimony of this description were the depositions of William Mills and Olive P. Segur, who, among other things, deposed to certain declarations of the deceased respecting the character of the wife of one of her brothers—that it was bad, and that she was a lewd, lascivious woman.  At a subsequent stage of the trial, and after the appellant had closed his testimony, the appellees, for the purpose of showing that the deceased was laboring under a delusion, offered testimony to prove that the reputation of the woman in question was good, and that she was virtuous and respectable.  To this testimony the appellant objected and the court excluded it.

We are unable to see any good reason why this testimony should not have been received.  The appellant had introduced evidence to prove that the deceased had asserted that the lady in question was a woman of bad character, and that she was in fact a lewd and lascivious woman.  This was offered for the purpose of showing an alienated state of feeling between the deceased and her brothers, and to account for her giving all her estate to her nephew.  The rejected testimony was offered by the appellees, not for the purpose of contradicting this evidence, but for the purpose of adopting it as their own, and using it in support of their claim of mental incapacity.

One form of mental incapacity is insanity; and a prominent and the most usual symptom of insanity is delusion. Now if the appellees could have shown that the deceased believed that her sister-in-law was a woman of bad character, and that there was in reality no ground for that belief, it seems to us that it was competent for them to do so. The fact, if established, tended directly, and with considerable force, to prove delusion. The objection that it introduced a collateral issue is not valid. Insanity is usually, if not always, established by proving a great variety of facts and circumstances similar in character to the one now under consideration; and every fact, circumstance and act relied on for that purpose may be the subject of proof and controversy on the trial. Such proof is strictly within the issue.

The fact that the counsel for the appellees substantially abandoned the claim of want of capacity, at the close of the trial, is not a sufficient reason for refusing a new trial. There is no ground for believing that counsel thereby intended to waive their right to except to the ruling which had previously been made. Indeed it is quite possible that the ruling induced or compelled counsel to abandon the claim.

The appellees proved the declarations of the deceased tending to show that Ashley Mills, the father of the appellant, had influenced her against her will to change her residence, and had prevented her return by threats and violent language. To meet this the appellant offered Ashley Mills as a witness to prove that he never compelled or in any way induced the deceased to move into his house, and never in any way or manner sought to prevent her from returning to the house from which she came. To the admission of this evidence the appellees objected, but the court admitted it. Assuming that the evidence offered by the appellees was admissible, we think the evidence offered in reply was properly received. The appellees had offered the declarations of the deceased for the purpose of showing that she was subject to the influence and control of Mills; and his testimony was responsive to that.

A new trial must be granted on the first point considered.

In this opinion the other judges concurred.